UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:


KIMBERLY BOLTON,

      Plaintiff,

v.

ROCK'N MASSAGE, INC.,
HARRY BRUDER and
STEPHANIE BRUDER,

      Defendants.

_____/

## NOTICE OF REMOVAL

    Please take notice that pursuant to 28 U.S. Code § 1446 Defendants Rock N' Massage, Inc., Harry Bruder and Stephanie Bruder, have removed this case from the Broward Circuit Court to the United States District Court for the Southern District of Florida.

    Plaintiff filed this case alleging that the Defendants violated the Fair Labor Standards Act, 29 U.S.C.  Section 201("FLSA") by failing to pay Plaintiff minimum and overtime wages. The Plaintiff's Complaint could have been filed in this Court as 28 U.S.C. § 1331 makes FLSA claims subject to this Court's jurisdiction as a claim arising under the laws of the United States.

    This Notice of Removal is filed within 30 days after the receipt by the Defendants, through service or otherwise, of a copy of the Complaint setting forth the claims for relief upon which such action or proceeding is based. Defendant Rock N' Massage, Inc., has yet to be served, but joins in this Notice of Removal. A copy of all process, pleadings, and orders served upon the Defendants in the Broward Circuit Court is attached hereto. Defendants will promptly give Plaintiff's counsel and the Broward Clerk of Circuit Court written notice of the removal to this Court.

## CERTIFICATE OF SERVICE

    I CERTIFY that a copy hereof was emailed and mailed to Jorge Perera, Esq., Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, Florida 33330-4304 on this January 2, 2019.


/s/ MARK GOLDSTEIN
FL Bar No: 882186
1835 NE Miami Gardens Drive, Suite 211
Miami, Florida 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

Filing # 80763486 E-Filed 11/14/2018 10:04:58 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-18-026659

KIMBERLY BOLTON,

     Plaintiff,

vs.

ROCK'N MASSAGE, INC.,
a Florida Profit Corporation
HARRY BRUDER, individually, and
STEPHANIE BRUDER, individually

     Defendants.

_____/



## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint to Defendant:

### STEPHANIE BRUDER
### 1281 94th Street
### BAY HARBOR, FL 33154

     Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

     DATED ON     NOV 19 2018

BRENDA D.

By: _____
As Deputy Clerk

**BRENDA D. FORMAN**

PERERA BARNHART
12555 ORANGE DRIVE, SECOND FLOOR, DAVIE, FLORIDA 33330, PHONE (786) 485.5232

## SUMMONS:

## PERSONAL SERVICE ON A NATURAL PERSON

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court.  A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legal... ...ene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado de Demandante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate)

nomme ci-dessous.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas, Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349- 7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

## ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

## LWA 1990 POU AMERIKEN KI ENFIM ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."

| | |
|---|---|
| Filed By: | J. Freddy Perera, Esq. |
| | Fla. Bar No.: 93625 |
| | |
| Address: | Perera Barnhart |
| | 12555 Orange Drive |

Second Floor
Davie, FL 33330
(786) 485-5232

Filing # 80730489 E-Filed 11/13/2018 03:07:12 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

KIMBERLY BOLTON,

      Plaintiff,

vs.

ROCK'N MASSAGE, INC.,
a Florida Profit Corporation
HARRY BRUDER, individually, and
STEPHANIE BRUDER, individually

      Defendants.

_____/

## COMPLAINT

    KIMBERLY BOLTON ("Plaintiff") hereby sues ROCK'N MASSAGE, INC. ("RMI" or

the "Company"), HARRY BRUDER ("Harry") and "STEPHANIE BRUDER ("Stephanie")

(collectively "Defendants") and alleges as follows:

### INTRODUCTION

    1.    This is an action for unpaid minimum and overtime wages against Defendants

pursuant to 29 U.S.C. §§ 201 *et seq.* of the Fair Labor Standards Act ("FLSA").

    2.    Plaintiff seeks damages within this court's jurisdictional requirements, reasonable

attorneys' fees and costs pursuant to the FLSA, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

    3.    RMI is and was a Florida corporation conducting business in Broward County,

Florida, among other places, during the relevant period.

    4.    Plaintiff was formerly employed by RMI and performed work for RMI in Broward

County, Florida.

1 | Page

5.      Venue is proper in this Court because RMI transacts business in this District, RMI employed Plaintiff in this District, and the claims arose within this District.

## GENERAL ALLEGATIONS

**RMI's Business and Interstate Commerce**

6.      RMI is in the business of providing massage services to patrons at various casinos throughout South Florida, including the Seminole Hard Rock Hotel & Casino located in Broward County Florida (the "Casino").

7.      RMI employs a number of masseuses (the "Masseuses").

8.      During the relevant period, Harry was an owner of of RMI.

9.      During the relevant period, Harry was a corporate officer of RMI.

10.     During the relevant period, Harry had operational control of RMI.

11.     During the relevant period, Stephanie was an owner of of RMI.

12.     During the relevant period, Stephanie was a corporate officer of RMI.

13.     During the relevant period, Stephanie had operational control of RMI.

14.     During the relevant period, RMI's gross annual revenue exceeded $500,000.

15.     At all relevant times, RMI employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

16.     Upon information and belief, RMI obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

17.   RMI, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

18.   RMI was engaged in interstate commerce and subject to the FLSA during all relevant periods.

**Defendants' Employment and Control of Plaintiff**

19.   Plaintiff was hired by RMI as a Masseuse on or around May 12, 2012.

20.   Plaintiff was personally hired by Harry.

21.   Upon her hire, Plaintiff had to have her professional license associated with RMI.

22.   When rendering massage services for RMI, RMI set the cost to be paid by the customers for the message.

23.   Defendants mandated that all customers serviced by Plaintiff pay in cash.

24.   Plaintiff was required to provide RMI all proceeds associated with the services she performed for RMI.

25.   RMI then allowed Plaintiff to keep a percentage of the gross proceeds related to the services she provided.

26.   RMI required Plaintiff to wear a uniform of all black.

27.   RMI also required Plaintiff to wear an RMI nametag.

28.   RMI provided the clients.

29.   RMI set a scheduled for Plaintiff.

30.   Plaintiff did not have the ability to turn customers down.

31.   Plaintiff ceased working for RMI on or around December 23, 2016.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

**Defendants Misclassification Scheme**

32.     Defendants have engaged in a pattern and practice of misclassifying its Masseuses as independent contractors.

33.     Defendants exercised control over all Masseuses, not just Plaintiff.

34.     RMI sets the Masseuses' scheduled.

35.     RMI dictates what Masseuses' must wear.

36.     RMI controls how Masseuses' interact with patrons of the Casino.

**Defendant's Illegal Payment Practices**

37.     Defendants required the Masseuses to charge customers at the rate of $2.00 per minute for a message.

38.     Rather than pay Masseuses in accordance with the FLSA, Defendants paid Masseuses only for the time spent actually rendering massage services.

39.     Plaintiff and other Masseuses did not receive any compensation for time spent walking around the Casino waiting to be engaged by a customer.

40.     Defendants did not keep proper time records as required by the FLSA.

41.     Furthermore, Defendants violated the FLSA by depriving Plaintiff and other Masseuses of both minimum wage and overtime wages.

42.     From time to time, particularly during poker tournaments, Plaintiff worked over 40 hours a week for defendants.

43.     Defendants, however, never paid Plaintiff an overtime premium for all overtime hours worked.

44.     Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT I
## OVERTIME VIOLATION AGAINST RMI UNDER THE FLSA

45.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

46.     RMI was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

47.     During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week for RMI.

48.     Defendants never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

49.     Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

50.     In addition, RMI is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

     a.     Enter judgment against RMI under the FLSA;

     b.     Award Plaintiff actual damages for the unpaid wages;

     c.     Award Plaintiff liquidated damages;

     d.     Award Plaintiff attorneys' fees and costs;

     e.     Award Plaintiff all recoverable interest; and

     f.     Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT II
## OVERTIME VIOLATION AGAINST HARRY UNDER THE FLSA

51.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

52.     Harry was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

53.     Harry was responsible for running the day-to-day operations of RMI during the relevant period.

54.     Harry hired Plaintiff.

55.     Harry was partially or totally responsible for paying Plaintiff's wages.

56.     During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week.

57.     Harry never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

58.     Harry intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

59.     In addition, Harry is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.     Enter judgment against Harry under the FLSA;

    b.     Award Plaintiff actual damages for the unpaid wages;

    c.     Award Plaintiff liquidated damages;

    d.     Award Plaintiff attorneys' fees and costs;

    e.     Award Plaintiff all recoverable interest; and

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

    f.       Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATION AGAINST STEPHANIE UNDER THE FLSA

60.      Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

61.      Stephanie was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

62.      Stephanie was responsible for running the day-to-day operations of RMI during the relevant period.

63.      Stephanie was partially or totally responsible for paying Plaintiff's wages.

64.      During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week.

65.      Stephanie never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

66.      Stephanie intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

67.      In addition, Stephanie is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.      Enter judgment against Stephanie under the FLSA;

    b.      Award Plaintiff actual damages for the unpaid wages;

    c.      Award Plaintiff liquidated damages;

    d.      Award Plaintiff attorneys' fees and costs;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

    e.         Award Plaintiff all recoverable interest; and

    f.         Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## MINIMUM WAGE VIOLATIONS BY RMI UNDER THE FLSA

68.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

69.    RMI was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

70.    During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

71.    Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

72.    RMI's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

73.    RMI intentionally refused to pay Plaintiff wages owed under the FLSA.

74.    Plaintiff is entitled to these unpaid wages.

75.    In addition, RMI is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.         Enter judgment against RMI under the FLSA;

    b.         Award Plaintiff actual damages for the unpaid wages;

    c.         Award Plaintiff liquidated damages;

    d.         Award Plaintiff attorneys' fees and costs;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330   PHONE (786) 485.5232

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

## COUNT V
## OVERTIME VIOLATION AGAINST HARRY UNDER THE FLSA

76.      Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

77.      Harry was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

78.      Harry was responsible for running the day-to-day operations of RMI during the relevant period.

79.      Harry hired Plaintiff.

80.      Harry was partially or totally responsible for paying Plaintiff's wages.

81.      During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

82.      Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

83.      Harry's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

84.      Harry intentionally refused to pay Plaintiff wages owed under the FLSA.

85.      Plaintiff is entitled to these unpaid wages.

86.      In addition, Harry is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment against Harry under the FLSA;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

b.   Award Plaintiff actual damages for the unpaid wages;

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff attorneys' fees and costs;

e.   Award Plaintiff all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## OVERTIME VIOLATION AGAINST STEPHANIE UNDER THE FLSA

87.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

88.   Stephanie was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

89.   Stephanie was responsible for running the day-to-day operations of RMI during the relevant period.

90.   Stephanie was partially or totally responsible for paying Plaintiff's wages.

91.   During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

92.   Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

93.   Stephanie's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

94.   Stephanie intentionally refused to pay Plaintiff wages owed under the FLSA.

95.   Plaintiff is entitled to these unpaid wages.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

96.    In addition, Stephanie is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.    Enter judgment against Stephanie under the FLSA;

b.    Award Plaintiff actual damages for the unpaid wages;

c.    Award Plaintiff liquidated damages;

d.    Award Plaintiff attorneys' fees and costs;

e.    Award Plaintiff all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

**JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  November 13, 2018                 Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Waynice Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

Filing # 80763486 E-Filed 11/14/2018 10:04:58 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-18-026659

KIMBERLY BOLTON,

     Plaintiff,

vs.

ROCK'N MASSAGE, INC.,
a Florida Profit Corporation
HARRY BRUDER, individually, and
STEPHANIE BRUDER, individually

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint to Defendant:

**HARRY M. BRUDER**
**1281 94th Street**
**BAY HARBOR, FL 33154**

     Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.,** Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON      NOV 19 2018

BRENDA D

By: _____

As Deputy Clerk
**BRENDA D. FORMAN**

PERERA BARNHART
12555 ORANGE DRIVE, SECOND FLOOR, DAVIE, FLORIDA 33330   PHONE (786) 485.5232

## SUMMONS:

## PERSONAL SERVICE ON A NATURAL PERSON

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado de Demandante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate)

nomme ci-dessous.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas, Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349- 7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

## ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

## LWA 1990 POU AMERIKEN KI ENFIM ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."

Filed By:      J. Freddy Perera, Esq.
              Fla. Bar No.: 93625

Address:      Perera Barnhart
              12555 Orange Drive

Second Floor
Davie, FL 33330
(786) 485-5232

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

KIMBERLY BOLTON,

    Plaintiff,

vs.

ROCK'N MASSAGE, INC.,
a Florida Profit Corporation
HARRY BRUDER, individually, and
STEPHANIE BRUDER, individually

    Defendants.

_____/

## COMPLAINT

KIMBERLY BOLTON ("Plaintiff") hereby sues ROCK'N MASSAGE, INC. ("RMI" or the "Company"), HARRY BRUDER ("Harry") and "STEPHANIE BRUDER ("Stephanie") (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1.    This is an action for unpaid minimum and overtime wages against Defendants pursuant to 29 U.S.C. §§ 201 *et seq.* of the Fair Labor Standards Act ("FLSA").

2.    Plaintiff seeks damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs pursuant to the FLSA, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

3.    RMI is and was a Florida corporation conducting business in Broward County, Florida, among other places, during the relevant period.

4.    Plaintiff was formerly employed by RMI and performed work for RMI in Broward County, Florida.

PERERA BARNHART
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232

5.      Venue is proper in this Court because RMI transacts business in this District, RMI employed Plaintiff in this District, and the claims arose within this District.

## GENERAL ALLEGATIONS

### RMI's Business and Interstate Commerce

6.      RMI is in the business of providing massage services to patrons at various casinos throughout South Florida, including the Seminole Hard Rock Hotel & Casino located in Broward County Florida (the "Casino").

7.      RMI employs a number of masseuses (the "Masseuses").

8.      During the relevant period, Harry was an owner of of RMI.

9.      During the relevant period, Harry was a corporate officer of RMI.

10.      During the relevant period, Harry had operational control of RMI.

11.      During the relevant period, Stephanie was an owner of of RMI.

12.      During the relevant period, Stephanie was a corporate officer of RMI.

13.      During the relevant period, Stephanie had operational control of RMI.

14.      During the relevant period, RMI's gross annual revenue exceeded $500,000.

15.      At all relevant times, RMI employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

16.      Upon information and belief, RMI obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

17.    RMI, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

18.    RMI was engaged in interstate commerce and subject to the FLSA during all relevant periods.

**Defendants' Employment and Control of Plaintiff**

19.    Plaintiff was hired by RMI as a Masseuse on or around May 12, 2012.

20.    Plaintiff was personally hired by Harry.

21.    Upon her hire, Plaintiff had to have her professional license associated with RMI.

22.    When rendering massage services for RMI, RMI set the cost to be paid by the customers for the message.

23.    Defendants mandated that all customers serviced by Plaintiff pay in cash.

24.    Plaintiff was required to provide RMI all proceeds associated with the services she performed for RMI.

25.    RMI then allowed Plaintiff to keep a percentage of the gross proceeds related to the services she provided.

26.    RMI required Plaintiff to wear a uniform of all black.

27.    RMI also required Plaintiff to wear an RMI nametag.

28.    RMI provided the clients.

29.    RMI set a scheduled for Plaintiff.

30.    Plaintiff did not have the ability to turn customers down.

31.    Plaintiff ceased working for RMI on or around December 23, 2016.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

**Defendants Misclassification Scheme**

32.    Defendants have engaged in a pattern and practice of misclassifying its Masseuses as independent contractors.

33.    Defendants exercised control over all Masseuses, not just Plaintiff.

34.    RMI sets the Masseuses' scheduled.

35.    RMI dictates what Masseuses' must wear.

36.    RMI controls how Masseuses' interact with patrons of the Casino.

**Defendant's Illegal Payment Practices**

37.    Defendants required the Masseuses to charge customers at the rate of $2.00 per minute for a message.

38.    Rather than pay Masseuses in accordance with the FLSA, Defendants paid Masseuses only for the time spent actually rendering massage services.

39.    Plaintiff and other Masseuses did not receive any compensation for time spent walking around the Casino waiting to be engaged by a customer.

40.    Defendants did not keep proper time records as required by the FLSA.

41.    Furthermore, Defendants violated the FLSA by depriving Plaintiff and other Masseuses of both minimum wage and overtime wages.

42.    From time to time, particularly during poker tournaments, Plaintiff worked over 40 hours a week for defendants.

43.    Defendants, however, never paid Plaintiff an overtime premium for all overtime hours worked.

44.    Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT I
## OVERTIME VIOLATION AGAINST RMI UNDER THE FLSA

45.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

46.     RMI was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

47.     During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week for RMI.

48.     Defendants never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

49.     Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

50.     In addition, RMI is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against RMI under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATION AGAINST HARRY UNDER THE FLSA

51.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

52.     Harry was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

53.     Harry was responsible for running the day-to-day operations of RMI during the relevant period.

54.     Harry hired Plaintiff.

55.     Harry was partially or totally responsible for paying Plaintiff's wages.

56.     During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week.

57.     Harry never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

58.     Harry intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

59.     In addition, Harry is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against Harry under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

f.      Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATION AGAINST STEPHANIE UNDER THE FLSA

60.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

61.     Stephanie was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

62.     Stephanie was responsible for running the day-to-day operations of RMI during the relevant period.

63.     Stephanie was partially or totally responsible for paying Plaintiff's wages.

64.     During Plaintiff's employment with RMI, Plaintiff would, at times, work over forty (40) hours per week.

65.     Stephanie never compensated Plaintiff at the rate of time-and-a-half for overtime hours worked.

66.     Stephanie intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

67.     In addition, Stephanie is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment against Stephanie under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff attorneys' fees and costs;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## MINIMUM WAGE VIOLATIONS BY RMI UNDER THE FLSA

68.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

69.     RMI was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

70.     During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

71.     Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

72.     RMI's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

73.     RMI intentionally refused to pay Plaintiff wages owed under the FLSA.

74.     Plaintiff is entitled to these unpaid wages.

75.     In addition, RMI is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against RMI under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## COUNT V
## OVERTIME VIOLATION AGAINST HARRY UNDER THE FLSA

76.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

77.     Harry was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

78.     Harry was responsible for running the day-to-day operations of RMI during the relevant period.

79.     Harry hired Plaintiff.

80.     Harry was partially or totally responsible for paying Plaintiff's wages.

81.     During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

82.     Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

83.     Harry's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

84.     Harry intentionally refused to pay Plaintiff wages owed under the FLSA.

85.     Plaintiff is entitled to these unpaid wages.

86.     In addition, Harry is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against Harry under the FLSA;

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

b.    Award Plaintiff actual damages for the unpaid wages;

c.    Award Plaintiff liquidated damages;

d.    Award Plaintiff attorneys' fees and costs;

e.    Award Plaintiff all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

## COUNT VI
## OVERTIME VIOLATION AGAINST STEPHANIE UNDER THE FLSA

87.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

88.    Stephanie was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

89.    Stephanie was responsible for running the day-to-day operations of RMI during the relevant period.

90.    Stephanie was partially or totally responsible for paying Plaintiff's wages.

91.    During Plaintiff's employment with RMI, she was only compensated for time spent massaging customers.

92.    Plaintiff did not receive any compensation whatsoever for time spent walking the Casino floor waiting to be engaged by a customer.

93.    Stephanie's failure to pay Plaintiff any compensation for non-massaging time is a violation of the FLSA's minimum wage requirements.

94.    Stephanie intentionally refused to pay Plaintiff wages owed under the FLSA.

95.    Plaintiff is entitled to these unpaid wages.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

96.     In addition, Stephanie is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.    Enter judgment against Stephanie under the FLSA;

    b.    Award Plaintiff actual damages for the unpaid wages;

    c.    Award Plaintiff liquidated damages;

    d.    Award Plaintiff attorneys' fees and costs;

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  November 13, 2018        Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Waynice Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*