## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 19-cv-60008-BLOOM/Valle

KIMBERLY BOLTON,

      Plaintiff,

v.

ROCK'N MASSAGE, INC.,
HARRY BRUDER and
STEPHANIE BRUDER,

      Defendants.

_____/

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, INCORPORATED MEMORANDUM OF LAW, AND STATEMENT OF UNDISPUTED FACTS

Defendants, Rock'N Massage, Inc., Harry Bruder and Stephanie Bruder, pursuant to Fed.R.Civ.P. 56, move the Court to enter Summary Judgment in their favor and state:

### OVERVIEW

1.    Plaintiff filed this FLSA lawsuit claiming she is owed money by the Defendants for her work in a casino of providing massages to casino patrons.

2.     Defendants answered the Complaint and alleged that Plaintiff's claims were barred by the statute of limitations (Answer, Par. 97).

3.     There is no genuine issue as to any material fact and Defendants are entitled to summary judgment in their favor as a matter of law because Plaintiff's FLSA lawsuit is barred by the two-year statute of limitations. Alternatively, if the Court finds that there is a genuine issue of material fact as to whether the alleged FLSA violation was willful then all claims accruing before November 14, 2015, should be barred.

## SUMMARY JUDGMENT STANDARD

4.     "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." Id.

at 248, 106 S. Ct. at 2510. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)

5.    The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 2552, 91 L. Ed. 2d 265 (1986).

6.    "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995).

## FLSA STATUTE OF LIMITATIONS

7.    29 U.S. Code § 255 provides that "Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act [1]—

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.   A FLSA claim accrues when a plaintiff is improperly compensated for a pay period. <u>Knight v. Columbus</u>, 19 F.3d 579, 581 (11th Cir. 1994); <u>Claeys v. Gandalf, Ltd.</u>, 303 F.Supp.2d 890, 894 (S.D. Ohio, 2004)

8.   Thus, generally, FLSA claims are governed by a two-year statute of limitations. See 29 U.S.C. 255(a). Such claims may be governed by a three-year statute of limitations, however, where the statutory violation was "willful." To establish willfulness, a plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. See <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).   The acts are not considered willful where negligent or "an employer acts unreasonably but not recklessly in determining its legal

obligation under the FLSA." <u>Allen v. Bd. of Public Educ.</u>, 495 F.3d 1306, 1324 (11th Cir. 2007).

9.      An FLSA plaintiff seeking to invoke the three-year limitations period cannot survive a motion for summary judgment unless the plaintiff shows that there is a trialworthy issue as to whether the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. <u>Lopez v. Corporacion Azucarera de P.R.</u>, 938 F.2d 1510, 1515–16 (1st Cir.1991); <u>Gustafson v. Bell Atlantic Corp.</u>, 171 F.Supp.2d 311, 323-324 (S.D.N.Y.2001).

## <u>ARGUMENT</u>

10.     There is no evidence that the Defendants willfully violated the FLSA.   The FLSA applies to employees but does not apply to independent contractors. <u>Rodilla v. TFC–RB, LLC</u>, No. 08–21352, 2009 WL 3720892, at *15 (S.D. Fla. Nov. 4, 2009); see also <u>Freund v. Hi–Tech Satellite, Inc.</u>, 185 Fed. Appx. 782, 782 (11th Cir.2006) (affirming determination that an individual was an independent contractor and therefore exempt from the FLSA).

11.     The evidence in this case shows that Defendants since 2010 had a good faith belief that the FLSA was inapplicable to the individuals

providing massage services to casino patrons as those individuals were considered independent contractors, not employees.

12.   Specifically:

a.   Plaintiff contractually agreed she was an independent contractor, not an employee (Billie Declaration, Pars. 3-5).

b.   In 2010 Rock' N Massage, Inc. received a determination from the Agency for Workforce Innovation that the individuals providing massage services to casino patrons were not employees. (Billie Declaration, Par. 6).

c.   The EEOC, in a claim brought by this very Plaintiff, dismissed her charge of discrimination because it determined that she was an independent contractor, not an employee (Billie Declaration, Par. 7).

13.   Plaintiff commenced this action in the Broward Circuit Court on November 14, 2018. (Billie Declaration, Par. 9).

14.   Plaintiff's last paycheck received from Rock'N Massage was January 1, 2016. The last time Plaintiff performed any services for the Defendants was in December of 2015 (Billie Declaration, Par. 8).

15.   Plaintiff commenced this action more than two years after her last paycheck, for work performed in 2015.

16.    Based on the Plaintiff's contract with Defendant Rock'n Massage and two rulings by government agencies the Defendants had sufficient support to believe that Plaintiff was an impendent contractor, not an employee. Assuming arguendo that such determination by the Defendants was in error, such error cannot be characterized as willful. Thus, the two years statute of limitations is applicable, and Plaintiff's lawsuit is barred in its entirety.

17.    Alternatively, if the Court finds that there is a genuine issue of material fact and that the three-year limitations period might be applicable, then Defendants request a ruling from the Court that their potential liability for Plaintiff's FLSA claims is limited to those payments provided to Plaintiff within the three years immediately preceding November 14, 2018.

Wherefore, Defendants move for summary judgment in their favor based on the statute of limitations.

## STATEMENT OF UNDISPUTED FACTS

Defendants, pursuant to S.D.Fla.L.R. 56.1, submit that the following facts are undisputed.

1.    Rock 'N Massage, Inc., is in the business of providing massages to casino patrons. (Billie Declaration, Par. 2).

2.    Rock 'N Massage, Inc. provides those massages through independent contractors such as the Plaintiff Kimberly Bolton (Billie Declaration, Par. 2).

3.    The terms of Rock' N Massage, Inc.'s business relationship with Kimberly Bolton are contained in the Independent Contractor Agreement ("Agreement") attached hereto as "Exhibit A" to Carolyn Billie's Declaration.

4.    In accordance with the terms of the Agreement Kimberly Bolton was an independent contractor (Agreement, par. 4) who was responsible for the payment of her own expenses in providing the massages (Agreement, par. 5(d)) and compensated by being paid 40% of the funds she collected in providing massage services to casino patrons (Agreement, par. 3).

5.    Under the terms of the Agreement Bolton was responsible to determine the methods of massages she administered (Agreement, par. 7(b)), and for making her own hours of work (Agreement, par. 7(c))

6.  In 2010 Rock' N Massage, Inc. received a determination from the Agency for Workforce Innovation that the individuals providing massage services to casino patrons were not employees. (Billie Declaration, Par. 6)

7.  Since September 3, 2010, Rock' N Massage, Inc., has believed that the individuals providing massage to patrons of casinos serviced by Rock' N Massage, Inc. were doing so in a capacity of an independent contractor, not as employees of Rock' N Massage, Inc. (Billie Declaration, Par. 6)

8.  Kimberly Bolton filed a Charge of Discrimination against Rock' N Massage, Inc., with the EEOC. The EEOC investigated the matter and concluded that Kimberly Bolton was an independent contractor, not an employee. (Billie Declaration, Par. 7)

9.  Rock N' Massage, Inc.'s business relationship with Kimberly Bolton terminated in December of 2015 and Kimberly Bolton's last check issued by Rock N' Massage, Inc. was dated January 1, 2016. (Billie Declaration, Par. 8)

10.    This lawsuit was first filed in the Broward County Circuit Court on November 14, 2018, almost three years after she received her last check from Rock N' Massage, Inc. (Billie Declaration, Par. 9)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2019, a copy hereof was filed with the Clerk of the Court using CM/ECF and served on Jorge Perera, Esq., Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, Florida 33330-4304, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1835 NE Miami Gardens Drive, Suite 211
Miami, Florida 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

## SWORN DECLARATION OF CAROLYN BILLIE

1. My name is Carolyn Billie and I make this sworn declaration based upon my personal knowledge.

2. I am the President of Defendant Rock'N Massage, Inc., which is in the business of providing massages to casino patrons. It provides those massages through independent contractors such as the Plaintiff Kimberly Bolton.

3. The terms of Rock'N Massage, Inc.'s business relationship with Kimberly Bolton are contained in the Independent Contractor Agreement ("Agreement") attached hereto as "Exhibit A".

4. In accordance with the terms of the Agreement Kimberly Bolton was an independent contractor (Agreement, par. 4) who was responsible for the payment of her own expenses in providing the massages (Agreement, par. 5(d)) and compensated by being paid 40% of the funds she collected in providing massage services to casino patrons (Agreement, par. 3).

5. Under the terms of the Agreement Bolton was responsible to determine the methods of massages she administered (Agreement, par. 7(b)), and for making her own hours of work (Agreement, par. 7(c))

6. In 2010 Rock' N Massage, Inc. received a determination from the Agency for Workforce Innovation that the individuals providing massage services to casino patrons were not employees. Attached hereto as "Exhibit B" is the Order and Recommended Order of Special Deputy. Thus, since September 3, 2010, I, as President of Rock' N Massage, Inc., have believed that the individuals providing massage to patrons of casinos serviced by Rock' N Massage, Inc. were doing so in a capacity of an independent contractor, not as employees of Rock' N Massage, Inc.

7. Kimberly Bolton filed a Charge of Discrimination against Rock' N Massage, Inc., with the EEOC. The EEOC investigated the matter and concluded that Kimberly Bolton was an independent contractor, not an employee. Attached hereto as "Exhibit C" is a copy of the EEOC's Dismissal and Notice of Rights.

8. Rock N' Massage, Inc.'s business relationship with Kimberly Bolton terminated in December of 2015 and Kimberly Bolton's last check issued by Rock N' Massage, Inc. was dated January 1, 2016.

9. This lawsuit was first filed in the Broward County Circuit Court on November 14, 2018, almost three years after she received her last check from Rock N' Massage, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2019.

_Carolyn Billie_
Carolyn Billie

ROCK'N MASSAGE, INC.
INDEPENDENT CONTRACTOR AGREEMENT

This INDEPENDENT CONTRACTOR AGREEMENT (this "Agreement") is entered into as of _____, 2015 (the "Effective Date"), by and between ROCK'N MASSAGE, INC., a Florida corporation located at 1281 94ᵗʰ Street, Bay Harbor, Florida 33154 (the "Company"), and the undersigned independent contractor of the Company (the "Contractor").

Background

A.    The Company has entered into a contract (the "Casino Contract") with Seminole Gaming to be exclusive provider of workers to perform chair massages for casino patrons who request and agree to pay for such chair massages ("Chair Massages") at the casinos operated by Seminole Gaming in the State of Florida.

B.    The Contractor is a skilled massage therapist and holds a valid Massage Therapy License issued by the Florida Department of Health, Board of Massage Therapy (a "Florida Massage License") and valid professional liability insurance ("Liability Insurance").

C.    The Company desires to engage the Contractor to provide Chair Massages to Casino patrons, and the Contractor desires to accept that engagement, on the terms and conditions set forth in this Agreement.

Terms and Conditions

For the reasons described above, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the Company and Contractor hereby agree as follows:

1.    Term. The term of this Agreement shall begin on the Effective Date and shall continue until either party terminates this Agreement by giving three (3) day's prior notice of such termination to the other party, which termination may be for any reason or no reason, with or without cause. In addition, the Company may terminate this Agreement immediately if the Contractor breaches any provision of this Agreement.

2.    Services. Throughout the term of this Agreement, the Contractor shall be available to provide Chair Massages to patrons at the casinos listed on the signature page to this Agreement (the "Casinos") during such hours as the Company and the Contractor shall agree in advance. The Contractor and Company shall cooperate in good faith to set an advance weekly schedule of the hours during which the Contractor shall be available to perform Chair Massages at the Casinos.

3.    Compensation. The Contractor shall be responsible for collecting payment for the Chair Massages, at the rates established by the Company from time to time, directly from the Casino patrons. The Contractor shall provide the Company with daily reports listing the number of Chair Massages performed, the duration of each Chair Massage (to the nearest minute) and the amount collected from the Casino patrons. The Contractor shall deliver all funds collected from Casino patrons each day, prior to leaving the Casino, to the

Company's Floor Manager then on duty at the Casino. The Company shall pay the Contractor a fee equal to forty percent (40%) of all amounts actually collected by the Contractor and delivered to the Floor Manager, such amount to be paid by the Company no later than one (1) week after the Contractor delivers the funds to the Floor Manager. The Contractor acknowledges and agrees that Contractor shall not be entitled to compensation with respect to a Chair Massage if the Casino patron fails or refuses to pay for such Chair Massage.

4.    Independent Contractor Status.   The Contractor acknowledges and agrees that the Contractor is an independent contractor of the Company, and not an employee, with respect to the Chair Massages provided under this Agreement, and that the Contractor will not be entitled to any benefits provided by the Company to its employees. The Contractor shall comply with all tax laws applicable to the fees received pursuant to this Agreement including, without limitation, the reporting of such amounts as income from the operation of a business, and the reporting and payment of all resulting income taxes and self-employment taxes. The Contractor shall furnish the Company with such proof of its compliance with the provisions of the preceding sentence as the Company may request from time to time.

5.    Responsibilities of Contractor.

(a)    Compliance with Applicable Laws.  The Contractor shall be solely responsible for compliance with all applicable laws and regulations regarding the conduct of Contractor's business as a massage therapist. The Contractor shall obtain, and shall maintain in full force and effect, all licenses and permits necessary in order to conduct Contractor's business as a massage therapist. The Contractor shall provide the Company with a copy of the Contractor's Florida Massage License and proof of Contractor's Liability Insurance from time to time as requested by the Company.

(b)    Compliance with Requirements of the Casinos.  The Contractor shall be solely responsible for compliance with all requirements of the Casinos with respect to the Chair Massages, including the Casino's requirements for dress code and the areas of the Casinos in which the Chair Massages may be performed. The Contractor shall be solely responsible to the Casino for any damages caused by the Contractor in the performance of the Chair Massages.

(c)    Compliance with Requirements of the Company.  The Contractor shall comply with all policies, procedures and rules of conduct by the Company, and all those policies, procedures and rules of conduct may be modified by the Company from time to time.

(d)    Payment of Expenses.  The Contractor shall be solely responsible for the payment of all expenses incurred by the Contractor to perform the Chair Massages hereunder including, without limitation, expenses for clothing (other than the vest described below), materials, supplies, permits, and licenses.

6.   Responsibilities of the Company.

   (a)   Floor Manager. An employee of the Company designated as the "Floor Manager" shall be available to answer any questions arising while the Contractor is performing Chair Massages and to collect money from the Contractor.

   (b)   Vests. The Company shall provide the Contractor with the vest required by the Casinos to identify the Company's contractors.

7.   No Retention of Control by the Company.   The Company and the Contractor acknowledge and agree that, throughout the term of this Agreement:

   (a)   The Contractor shall be free to accept any other engagement, and to pursue any other ventures or activities that the Contractor desires, so long as any of the foregoing do not interfere with Contractor's performance of the Chair Massages hereunder; and provided that the Contractor shall not advertise the Contractor's independent massage business directly to Casino patrons (for example by handing out business cards or flyers to Casino patrons).

   (b)   Neither the Company nor any of its agents shall have the right to control or direct the details, manners or means by which Contractor performs Chair Massages hereunder, except that, in accordance with the requirements of the Casinos, (i) the Casino patrons must remain seated upright and fully clothed during the Chair Massage, and (ii) the Chair Massages shall be limited to the heads, necks, shoulders and backs of the Casino patrons.

   (c)   The Contractor is only required to work during the hours that the Contractor agrees to work in the advance weekly schedule  The Contractor is not required to work any particular hours (e.g., to be available to work Monday through Friday each week), or to work any minimum number of hours (e.g., to work at least 20 hours each week).  The Company is not required to offer the Contractor any particular hours or any minimum number of hours.

8.   Representations and Warranties by Contractor.   As a material inducement for the Company enter into this Agreement with the Contractor, the Contractor hereby represents and warrants to the Company as follows:

   (a)   The Contractor has full power and authority to enter into and perform this Agreement.

   (b)   The Contractor's execution and performance of this Agreement will not constitute a default under or breach of any of the terms of any contract or agreement to which Contractor is a party or under which Contractor is bound.

   (c)   This Agreement shall be binding upon, and enforceable against, the Contractor in accordance with its terms.

3

9.   Indemnification by Contractor.   The Contractor hereby agrees to indemnify and hold harmless the Company and its officers, directors, employees, agents and affiliates, and their respective successors and assigns, from, against and in respect of, any liability, loss, cost, damage, expense or payment, including reasonable attorneys' fees and expenses, incurred or suffered by such person with respect to any and all claims, controversies, legal actions and proceedings brought by or on behalf of any third party arising out of or in any way related to (i) the actions or omissions of the Contractor in the performance of Chair Massages hereunder, (ii) the Contractor's breach of any provision of this Agreement, or (iii) the inaccuracy or breach of any representation or warranty of the Contractor set forth in this Agreement.   The provisions of this Section 9 shall survive the termination of this Agreement for any reason.

10.   General Provisions.

(a)   Governing Law; Venue.   This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida.   The parties consent and agree that Hillsborough County, Florida, shall be the exclusive, proper, and convenient venue for any legal proceeding in federal or state court relating to this Agreement, and each party waives any defense, whether asserted by motion or pleading, that Hillsborough County, Florida, is an improper or inconvenient venue.

(b)   Notice.   Any notice to a party to this Agreement permitted or required hereunder shall be given in writing, and shall be deemed to have been duly delivered (i) when delivered by personal delivery, (ii) three (3) days after being deposited in a United States postal service letter box for mailing by first class mail, postage prepaid, certified mail, with return receipt requested (regardless of whether the return receipt is subsequently received), or (iii) one business day after being deposited with a nationally recognized courier service for overnight delivery; and in each case addressed by the sender to the recipient as follows, to the Company at the address first listed above, to Contractor at the address listed on the signature page to this Agreement, or to such other address as a party may notify the other party in writing in conformity with the provisions of this Section.

(c)   No Waiver.   No party shall be deemed to have waived any of its or her rights or remedies hereunder unless such waiver is specific and in writing.   No delay or omission by any party in exercising any of its or her rights or remedies hereunder shall constitute a waiver thereof, or shall constitute any further waiver thereafter.   All rights and remedies of a party are cumulative and concurrent and the exercise of one right or remedy shall not be deemed a waiver or release of any other right or remedy.

(d)   No Assignment.   The Contractor may not assign this Agreement or delegate any of Contractor's duties under this Agreement.

(e)   Binding Effect.   This Agreement shall be binding upon, and inure to the benefit of, the parties to this Agreement and their respective legal representatives, heirs, devisees, legatees, successors and assigns, and any reference to a party to this

Agreement shall also be a reference to a such legal representatives, heirs, devisees, legatees, successors and assigns.

(f)     No Agency.  Nothing contained in this Agreement shall be deemed to create any association, partnership, joint venture or relationship of principal and agent or master and servant between the parties.

(g)     Number; Gender.  Whenever the context so requires, the singular number shall include the plural and the plural shall include the singular, and the gender of any pronoun shall include the other genders.

(h)     Captions.  The titles and captions of or in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this agreement or the intent of any provision of this Agreement.

(i)     Integration; Modification.  This Agreement supersedes all prior negotiations, agreements and understandings between the parties with respect to the subject matter hereof and constitutes the entire agreement between the parties with respect to the subject matter hereof. This Agreement may be modified or amended only by an agreement in writing signed by or on behalf of all parties hereto.

*[Continued on next page]*

(j)     Severability. In the event that any court of competent jurisdiction shall determine that any provision of this Agreement is invalid, such determination shall not affect the validity of any other provision of this Agreement, which shall remain in full force and effect and which shall be construed as to be valid under applicable law.

IN WITNESS WHEREOF, the Company and the Contractor have executed this INDEPENDENT CONTRACTOR AGREEMENT to be effective for all purpose as of the Effective Date.

The Company:

ROCK'N MASSAGE, INC.,
a Florida corporation

By:      _Carolyn Billie_____
Name:    Carolyn Billie
Title:   President
Date:    _____

The Contractor:

Signature:   _Jim Bolton_____
Print Name:  Jim Bolton
Address:     2340 Vintage Dr
             Lighthouse Point FL 33064

Soc. Sec. No.:  _____
Date:        Aug 1, 2015

The Contractor shall be available to perform services at the following Casinos:

1.
2.
3.

#483320

6

**AGENCY FOR WORKFORCE INNOVATION**
**TALLAHASSEE, FLORIDA**

**PETITIONER:**
Employer Account No. - 2903271
ROCK N' MASSAGE INC
1281 94TH STREET
BAY HARBOR ISLANDS FL 33154-1901

           **PROTEST OF LIABILITY**
           **DOCKET NO. 2010-56091L**

**RESPONDENT:**
State of Florida
Agency for Workforce Innovation
c/o Department of Revenue

## O R D E R

This matter comes before me for final Agency Order.

Having fully considered the Special Deputy's Recommended Order and the record of the case and in the absence of any exceptions to the Recommended Order, I adopt the Findings of Fact and Conclusions of Law as set forth therein. A copy of the Recommended Order is attached and incorporated in this Final Order.

In consideration thereof, it is ORDERED that the determination dated March 4, 2010, is REVERSED.

DONE and ORDERED at Tallahassee, Florida, this _____ day of **September, 2010**.

TOM CLENDENNING
Assistant Director
AGENCY FOR WORKFORCE INNOVATION

**AGENCY FOR WORKFORCE INNOVATION**
**Unemployment Compensation Appeals**
MSC 345 CALDWELL BUILDING
107 EAST MADISON STREET
TALLAHASSEE FL  32399-4143

**PETITIONER:**
Employer Account No. - 2903271
ROCK N' MASSAGE INC
CAROLYN BILLIE
1281 94TH STREET
BAY HARBOR ISLANDS FL  33154-1901

**PROTEST OF LIABILITY**
**DOCKET NO. 2010-56091L**

**RESPONDENT:**
State of Florida
Agency for Workforce Innovation
c/o Department of Revenue

## RECOMMENDED ORDER OF SPECIAL DEPUTY

TO:     Assistant Director
        Agency for Workforce Innovation

This matter comes before the undersigned Special Deputy pursuant to the Petitioner's protest of the Respondent's determination dated March 4, 2010.

After due notice to the parties, a telephone hearing was held on June 28, 2010.  The Petitioner's president appeared and testified at the hearing.  A tax specialist II appeared and provided testimony on behalf of the Respondent.  The Joined Party did not appear at the hearing.

The record of the case, including the recording of the hearing and any exhibits submitted in evidence, is herewith transmitted. Proposed Findings of Fact and Conclusions of Law were received.

**Issue:**
Whether services performed for the Petitioner by the Joined Party and other individuals constitute insured employment pursuant to Sections 443.036(19), 443.036(21); 443.1216, Florida Statutes, and if so, the effective date of the liability.

**Findings of Fact:**

1.  The Petitioner is a subchapter S corporation, incorporated March 15, 2008, for the purpose of running a massage service business.

2.  The Petitioner has contracted with a client casino to provide workers to the client for the purpose of conducting chair massages for the client's customers.

3.  The Petitioner has approximately 20 chair massage workers.  All of the chair massage workers are considered independent contractors by the Petitioner.  All of the chair massage workers operate under essentially similar terms as all of the other chair massage workers.

4. The Joined Party provided services as a chair massage worker for the Petitioner from April 2008, through June 2009.

5. The Petitioner contacted the chair massage workers each week to determine their availability and create a schedule that would satisfy the Petitioner's contract with the client casino. If one worker was not available, the Petitioner would contact workers on the list until the hours could be filled.

6. The Joined Party was expected to work the agreed upon schedule. The Joined Party was required to report to the client casino and move about the gaming floor in search of customers. The Joined Party was required to maintain a log of massages conducted and note the number of minutes the massage lasted. The Joined Party would collect payment from the customer at the completion of the massage. The payment could be in the form of cash or casino gaming chips. The Joined Party was required to turn in the payments and logbook at the end of each shift.

7. The Petitioner's contract with the client casino specified certain rules of conduct which were passed down by the Petitioner to the Joined Party. The rules included requiring the use of a vest with logo for identification purposes and requiring the workers to wander the casino floor rather than remaining in one set area.

8. The Petitioner maintained a shift manager, either at the work site or available by telephone. The shift manager was to act as a liaison between the client casino and the massage chair workers.

9. The Joined Party was paid a 40% commission. The commission was based upon the minutes recorded in the daily log. The Joined Party would take a loss in the event that a customer lost all of his funds before a massage was completed. The Joined Party provided her own lotions. The client casino provided vests with a logo for purposes of identification. The Petitioner provided the daily log book for the Joined Party.

10. The Joined Party was required to be licensed by the State of Florida.

11. The Joined Party was required to provide and maintain her own liability insurance.

12. The Joined Party was allowed to work for a competitor of the Petitioner.

13. Either party could terminate the relationship at anytime, without liability.

**Conclusions of Law:**

14. The issue in this case, whether services performed for the Petitioner constitute employment subject to the Florida Unemployment Compensation Law, is governed by Chapter 443, Florida Statutes. Section 443.1216(1)(a)2., Florida Statutes, provides that employment subject to the chapter includes service performed by individuals under the usual common law rules applicable in determining an employer-employee relationship.

15. The Supreme Court of the United States held that the term "usual common law rules" is to be used in a generic sense to mean the "standards developed by the courts through the years of adjudication." United States v. W.M. Webb, Inc., 397 U.S. 179 (1970).

16. The Supreme Court of Florida adopted and approved the tests in 1 Restatement of Law, Agency 2d Section 220 (1958), for use to determine if an employment relationship exists. See Cantor v. Cochran, 184 So.2d 173 (Fla. 1966); Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla. 1956); Magarian v. Southern Fruit Distributors, 1 So.2d 858 (Fla. 1941); see also Kane Furniture Corp. v. R. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987).

17. <u>Restatement of Law</u> is a publication, prepared under the auspices of the American Law Institute, which explains the meaning of the law with regard to various court rulings. The <u>Restatement</u> sets forth a nonexclusive list of factors that are to be considered when judging whether a relationship is an employment relationship or an independent contractor relationship.

18. <u>1 Restatement of Law</u>, Agency 2d Section 220 (1958) provides:

   (1) A servant is a person employed to perform services for another and who, in the performance of the services, is subject to the other's control or right of control.

   (2) The following matters of fact, among others, are to be considered:
     (a) the extent of control which, by the agreement, the business may exercise over the details of the work;
     (b) whether or not the one employed is engaged in a distinct occupation or business;
     (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
     (d) the skill required in the particular occupation;
     (e) whether the employer or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work;
     (f) the length of time for which the person is employed;
     (g) the method of payment, whether by the time or by the job;
     (h) whether or not the work is a part of the regular business of the employer;
     (i) whether or not the parties believe they are creating the relation of master and servant;
     (j) whether the principal is or is not in business.

19. Comments in the <u>Restatement</u> explain that the word "servant" does not exclusively connote manual labor, and the word "employee" has largely replaced "servant" in statutes dealing with various aspects of the working relationship between two parties. In <u>Department of Health and Rehabilitative Services v. Department of Labor & Employment Security</u>, 472 So.2d 1284 (Fla. 1st DCA 1985) the court confirmed that the factors listed in the <u>Restatement</u> are the proper factors to be considered in determining whether an employer-employee relationship exists. However, in citing <u>La Grande v. B&L Services, Inc.</u>, 432 So.2d 1364, 1366 (Fla. 1st DCA 1983), the court acknowledged that the question of whether a person is properly classified an employee or an independent contractor often cannot be answered by reference to "hard and fast" rules, but rather must be addressed on a case-by-case basis.

20. The evidence presented in this hearing reveals that the Petitioner exercised control over the Joined Party primarily through the rules and procedures established by the client casino. While such rules may be at the request of a third party, they still represent control by the Petitioner over the Joined Party.

21. The Petitioner did not supervise the Joined Party while she worked beyond having a shift manager available to act as a liaison between the Joined Party and the client casino. The Joined Party was left to her own discretion with regards to soliciting and caring for customers within the casino.

22. The relationship between the Petitioner and the Joined Party was terminable at will. Either party could end the relationship, at anytime, without liability. This factor tends to indicate an employer-employee relationship.

23. A preponderance of the evidence in this case reveals that the Petitioner did not establish sufficient control over the Joined Party as to create an employer-employee relationship between the Petitioner and the Joined Party.

24. The Petitioner submitted a Proposed Recommended Order of Special Deputy on July 13, 2010.
This proposed order included Proposed Findings of Fact and Proposed Conclusions of Law.
Where these proposals are supported by the record, they have been incorporated into this
recommended order. Where these proposals are not supported by the record, they are respectfully
rejected.

**Recommendation:** It is recommended that the determination dated March 4, 2010, be REVERSED.

Respectfully submitted on July 22, 2010.



KRIS LONKANI, Special Deputy
Office of Appeals

## DISMISSAL AND NOTICE OF RIGHTS

To:  Kimberly Bolton
C/O Tiffani J. Brown, P.A.
2028 Harrison Street #204
Hollywood, FL 33020

From:  Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-05007 | Consuelo Nodar, Investigator | (305) 808-1824 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*        **Complainant is an independent contractor**

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Nijza Santo Wright

**MICHAEL J. FARRELL,**
**District Director**

SEP 19 2018

*(Date Mailed)*

Enclosures(s)

cc:

**Respondent's Representative**
Mark Goldstein, Esquire
ATTORNEY AT LAW
1835 N.E. Miami Gardens Drive, Suite 211
Miami, FL 33179

**Complainant's Representative**
Tiffany J. Brown, P.A.
2028 Harrison Street #204
Hollywood, FL 33020

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*