UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60008-BLOOM/Valle

KIMBERLY BOLTON,

    Plaintiff,

v.

ROCK N MASSAGE, INC.,
STEPHANIE BRUDER, and HARRY
BRUDER,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment or, in the Alternative, Motion for Continuance of Defendants' Motion for Summary Judgment, ECF No. [9] ("Motion"), filed on January 14, 2019. Defendants filed a Response, ECF No. [10]. The Court has considered the Motion and Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In her complaint, Plaintiff asserts claims for violations of the wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. *See* ECF No. [1] at 6-16 ("Complaint"). Defendants removed this case to federal court on January 2, 2019. ECF No. [1]. On January 7, 2019, Defendants filed their answer and affirmative defenses, asserting in pertinent part that Plaintiff's claims are barred by the statute of limitations. *See* ECF No. [6] at ¶ 97. Thereafter, on January 11, 2019, Defendants filed a motion for summary judgment, ECF No. [7] ("MSJ"), arguing that Plaintiff's claims are barred by the two-year statute of limitations applicable to

FLSA claims, or that if the Court finds that there is a genuine issue of material fact as to the willfulness of the FLSA violation, then any claim accruing before November 14, 2015 should be barred.

Plaintiff now moves to strike the MSJ, or in the alternative to delay consideration of it until the conclusion of discovery under Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff argues that she has not had the opportunity to conduct discovery with respect to Defendants' willfulness or whether Plaintiff was indeed an independent contractor.

Generally, the statute of limitations for a claim seeking unpaid minimum and overtime wages in violation of the FLSA is two years. 29 U.S.C. § 255(a). However, the statute is extended to three years where the cause of action "aris[es] out of a willful violation" of the statute. *Id*. "To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sandford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). The Code of Federal Regulations provides further guidance, defining "reckless disregard" as the "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104. Thus, "[t]he 'three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA," and may also apply when the employer "simply disregarded the possibility that it might be violating the FLSA.'" *Williams v. R.W. Cannon, Inc.*, No. 08-60168-CIV-UNGARO, 2008 WL 4097613, at *17 (S.D. Fla. Sept. 4, 2008) (quoting *Allen v. Bd. of Pub. Ed.*, 495 F.3d 1306, 1324 (11th Cir. 2007)).

Case No. 19-cv-60008-BLOOM/Valle

In response to Plaintiff's Motion, Defendants clarify that they agree that Plaintiff should be afforded a reasonable time to conduct discovery with respect to the issue of willfulness, which affects the potentially applicability of a two-year statute of limitations. They argue, however, that there is no reason to delay consideration of the applicability of the three-year statute of limitations under the FLSA. Significantly, Plaintiff alleges that she was hired by Defendant Rock 'N Massage ("RNM") on May 12, 2012, and ceased working for RNM on December 23, 2016. Complaint ¶¶ 19, 31. Moreover, Plaintiff does not address in her Motion the distinction between the potential application of a two-year or three-year statute of limitations, nor does she present argument or other grounds under Rule 56(d) as to what essential facts require discovery in order avoid the application of the three-year statute of limitations. *See Provost v. Hall*, --- F. App'x ----, 2018 WL 6444517, at *3 (11th Cir. Dec. 10, 2018) ("A party seeking additional time for discovery may not rely on vague assertions that more discovery is needed; instead, [s]he must show that the discovery [s]he seeks will enable h[er] to demonstrate the existence of a genuine issue of material fact.") (citation omitted). Rule 56(b) permits the filing of a motion for summary judgment "at any time until 30 days after the close of all discovery," therefore, Defendants' MSJ is timely. There is no basis for the Court to strike the MSJ or otherwise postpone consideration of it. As such, the Court **DENIES** Plaintiff's Motion, **ECF No. [9]**. Plaintiff may file her response to the MSJ, ECF No. [7], **on or before January 28, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-60008-BLOOM/Valle

Copies to:

Counsel of Record