KIMBERLY BOLTON,

      Plaintiff,

v.

ROCK N MASSAGE, INC.,
STEPHANIE BRUDER, and HARRY
BRUDER,

      Defendants.

_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court on Defendants' Motion to Stay Discovery Pending a Ruling on their Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [25] (the "Motion to Stay"). Plaintiff filed a Response, ECF No. [30]. In the Motion to Stay, Defendants request that the Court enter an order staying discovery pending resolution of their Motion to Dismiss based on the existence of a parallel state court proceeding. *See* ECF No. [21] ("Motion to Dismiss"). For the reasons set forth below, Defendants' Motion to Stay is denied.

Plaintiff filed her Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida on November 13, 2018, alleging violations of Fair Labor Standards Act ("FLSA") minimum and overtime wage provisions. *See* ECF No. [1] at 6-13. Defendants Rock N' Massage, Harry Bruder and Stephanie Bruder (collectively, "Defendants") filed their Notice of Removal on January 2, 2019. *See* ECF No. [1]. Defendants filed their Answer and Affirmative Defenses, ECF No. [6], and a Motion for Summary Judgment, ECF No. [7] ("MSJ"), arguing that a portion of Plaintiff's claims is barred by the applicable statute of limitations. Plaintiff requested that the

Court strike the MSJ or defer consideration of it until the conclusion of discovery. *See* ECF No. [9] ("Motion to Strike"). The Court denied Plaintiff's Motion to Strike, and required Plaintiff to respond to the MSJ by January 28, 2019. *See* ECF No. [13]. Rather than respond to the MSJ, Plaintiff filed an Amended Complaint, ECF No. [18], which resolved the issue raised by the MSJ, and the Court therefore denied the MSJ as moot. *See* ECF No. [20]. Thereafter, Defendants filed their Motion to Dismiss, arguing that this Court should dismiss or stay this case applying the *Colorado-River* doctrine because Plaintiff earlier filed a case against Defendant Rock N' Massage, Inc. in state court, which is currently pending, alleging discrimination and retaliation under the Florida Civil Rights Act ("FCRA"). According to Defendants, the FCRA action requires the state court to determine the same issue involved in this case—whether Plaintiff was an employee or independent contractor. *See* ECF No. [21] at 6-19. Therefore, given the pendency of the Motion to Dismiss, which Defendants contend is dispositive, Defendants ask the Court to stay discovery until such time as the Court has entered a ruling on the Motion to Dismiss. *See* ECF No. [25].

Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion." *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290-CIV-KING, 2002 WL 34576251, at *1 (S.D. Fla. Feb. 5, 2002), aff'd sub nom. *Foster v. Sun Int'l*, 54 F. App'x 691 (11th Cir. 2002)). The Court has taken a "preliminary peek" at Defendant's Motion to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012). In deciding whether to grant a stay, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canady*, No. 2:09-CV-765-

FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). Upon review, under the particular circumstances present here, the Court does not agree that a stay of discovery is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Stay, **ECF No. [25]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of February, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record