UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60008-BLOOM/Valle

KIMBERLY BOLTON,

    Plaintiff,

v.

ROCK N MASSAGE, INC.,
STEPHANIE BRUDER, and HARRY
BRUDER,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [21] (the "Motion"). Plaintiff filed a Response, ECF No. [22], to which Defendants filed a Reply, ECF No. [23]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants' Motion is denied.

### I.    BACKGROUND

Plaintiff filed her initial complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida on November 13, 2018. *See* ECF No. [1] at 6-13. On December 21, 2018, Plaintiff filed a three-count complaint in state court against Rock N Massage, Inc. ("RNM"), asserting violations by RNM of the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et seq*. ("FCRA"), based on sexual harassment, age discrimination, and retaliation. Defendants in the instant case, RNM, Harry Bruder and Stephanie Bruder (collectively, "Defendants") filed their Notice of Removal on January 2, 2019. *See* ECF No. [1]. Thereafter, Plaintiff filed an Amended Complaint, ECF No.

[18], alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), minimum and overtime wage provisions. One of Defendants' primary defenses is that Plaintiff was an independent contractor and not an employee covered by the FLSA.

In the instant Motion, Defendants argue that this case should be dismissed or stayed under the *Colorado River* abstention doctrine.

## II.   LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, and the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "And while abstention as a general matter is rare, *Colorado River* abstention is particularly rare, permissible in fewer circumstances than are the other abstention doctrines." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013). "The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 817, and emphasizing that courts "may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances"); *see also Noonan S., Inc. v. Cty. of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988) (cautioning that "dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources").

"*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "To

determine whether abstention is merited under *Colorado River*, a court must decide as a threshold matter whether there is a parallel state action—that is, 'one involving substantially the same parties and substantially the same issues.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Jackson-Platts*, 727 F.3d at 1140). The state and federal cases need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal*, 368 F.3d at 1329-30; *see also Sini*, 990 F. Supp. 2d at 1376; *O'Dell v. Doychak*, No. 606-cv-677-ORL-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) ("Parallel proceedings do not have to involve identical parties, issues and requests for relief."); *Hendricks v. Mortgage Elec. Registration Sys., Inc.*, No. 8:12-cv-2801-T-30TGW, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013) ("[I]f the abstention doctrine required identical parties in a federal and state case, only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties.") (quotation omitted).

### III.  ANALYSIS

Defendants argue that the Court should abstain and dismiss this case under *Colorado River* because both the FCRA action in state court and the instant case depend upon determination of the same core issue—whether Plaintiff was an employee or independent contractor. As such, Defendants contend that these are parallel proceedings. The Court disagrees because the determination of employee or independent contractor status under the FCRA does not compel the same determination under the FLSA. *See Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1369 (M.D. Fla. 2015) ("[A] worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA.") (internal citation omitted).

Indeed, three different tests are used to determine under federal law[1] whether an individual is an employee or an independent contractor. "First, there is the common-law agency test, which focuses on a 'hiring party's right to control the manner and means by which the product is accomplished.'" *Ashkenazi v. S. Broward Hosp. Dist.*, 607 F. App'x 958, 961 (11th Cir. 2015) (citing *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1495 (11th Cir. 1993)). The second test, used in FLSA cases, is an economic realities test, which "analyzes the extent to which the individual is dependent on the employer." *Id.* (citing *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982) and *Daughtrey*, 3 F.3d at 1495)). Third, in the context of federal employment discrimination statutes, such as Title VII and the ADEA, a hybrid approach applies. *Id*. "Under the hybrid approach, [a court] look[s] at the common-law agency test, tempered by a consideration of the economic realities of the hired party's dependence on the hiring party." *Id*. (quotations and citations omitted); *see also Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982) ("No court has ever given as expansive an interpretation of the term 'employee' in a Title VII case . . . [and t]he reason for this reluctance . . . in the Title VII area is that there is no statement in the Act or legislative history of Title VII comparable to one made by Senator Hugo Black (later Justice Black), during the debates on the [FLSA], that the term 'employee' in the FLSA was given 'the broadest definition that has ever been included in any one act.'") (citations omitted).

As a result, although Defendants may defend both the FCRA claims currently pending in state court and the instant FLSA claims on the basis that Plaintiff was an independent contractor, a determination that Plaintiff is an independent contractor in the context of the FCRA is not dispositive of her FLSA claim, and vice versa.

---

[1] Federal case law interpreting Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. ("ADEA"), applies to claims arising under the FCRA. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).

## IV. CONCLUSION

Accordingly, Defendants' Motion, **ECF No. [21]**, is **DENIED**. Defendants shall file their Answer to the Amended Complaint, ECF No. [18], **on or before March 28, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record