KIMBERLY BOLTON,

    Plaintiff,

v.

ROCK N MASSAGE, INC.,
STEPHANIE BRUDER, and
HARRY BRUDER,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AND DISMISS ACTION WITH PREJUDICE
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, KIMBERLY BOLTON ("Plaintiff") and Defendants, ROCK 'N MASSAGE, INC., STEPHANIE BRUDER, and HARRY BRUDER (collectively "Defendants") (Plaintiff and Defendants collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to approve the FLSA settlement reached by the Parties and dismiss this case with prejudice. As grounds, the Parties jointly state:

1. Plaintiff's First Amended Complaint alleged unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"). [DE 18].

2. On March 27, 2019, Defendants filed their Answer and Affirmative Defenses to the First Amended Complaint. (DE 36).

3. Defendants deny Plaintiff's allegations of unpaid overtime. Defendants contend that they fully complied with the FLSA.

4. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter during the course of a court-supervised Settlement

Conference.

5.	The Parties will be submitting the fully executed Agreement to this Honorable Court via electronic mail for *in camera* review.

6.	The Parties seek approval of this settlement and dismissal with prejudice. The parties certify that this matter was fully resolved pursuant to a reasonable compromise between the parties of a *bona fide* dispute over FLSA provisions, which was negotiated at "arms' length", with the advice of counsel, and during the course of a court-supervised Settlement Conference.

### MEMORANDUM OF LAW

I.	**LEGAL FRAMEWORK**

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

2

> when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceeding and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and

liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

## III. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLMENT

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff involving work performed, which was adversarial in nature. Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006). Here, each Party was independently represented by experienced counsel and the settlement was negotiated between counsel in consultation with the Parties during the course of a court-supervised settlement conference. Plaintiff agrees he is being fairly compensated for strongly disputed claims. The undersigned counsel represents to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff's ability to recover what he obtained in settlement was in question. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs, and judicial resources.

The Parties agree that they have been able to properly evaluate the claims and Plaintiff has, at all times, been represented by counsel. In agreeing upon the proposed settlement, the

4

Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

## IV. THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiff's attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiff for his underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

## V. CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice, and specifically:

  i.  approve the terms and conditions of the Settlement Agreement;

  ii. find the settlement is reasonable pursuant to *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); and

  iii. dismiss the instant action in its entirety with prejudice, each party to bear his and its own costs, fees, and expenses except as otherwise set forth in the settlement agreement.

Respectfully submitted on: May 8, 2019

| | |
|---|---|
| By  */s/ Brody M. Shulman*  <br>J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>freddy@pereralaw.com<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>valerie@pererabarnhart.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: brody@pererabarnhart.com<br>Waynice A. Green, Esq.<br>Florida Bar No. 116175<br>waynice@pererabarnhart.com<br>**PERERA BARNHART**<br>12555 Orange Dr., Second Floor<br>Davie, FL, 33330<br>Telephone: 786-485-5232<br>*Attorneys for Plaintiff* | By:  */s/ Mark Goldstein*  <br>MARK GOLDSTEIN, Esq.<br>1835 NE Miami Gardens Drive, Suite 211<br>Miami, Florida 33179<br>Telephone: (305) 342-4839<br>E-Mail: markgoldsteinattorney@gmail.com<br><br><br><br><br><br><br><br><br><br><br><br><br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

                                            s/ ***Brody M. Shulman***
                                              Brody Max Shulman, Esq.

**SERVICE LIST**

| | |
|---|---|
| J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>freddy@pereralaw.com<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>valerie@pererabarnhart.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: brody@pererabarnhart.com<br>Waynice A. Green, Esq.<br>Florida Bar No. 116175<br>waynice@pererabarnhart.com<br>**PERERA BARNHART**<br>12555 Orange Dr., Second Floor<br>Davie, FL, 33330<br>Telephone: 786-485-5232<br><br>*Attorneys for Plaintiff* | MARK GOLDSTEIN, Esq.<br>1835 NE Miami Gardens Drive<br>Suite 211<br>Miami, Florida 33179<br>Telephone: (305) 342-4839<br>E-Mail: markgoldsteinattorney@gmail.com<br><br><br><br><br><br><br><br><br><br>*Counsel for Defendants* |