UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60008-VALLE

<u>CONSENT CASE</u>

KIMBERLY BOLTON

       Plaintiff,

v.

ROCK N MASSAGE, INC., et al.,

       Defendants.

_____/

**<u>ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE</u>**

THIS MATTER is before the Court upon the parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice (ECF No. 50) (the "Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 47, 48).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory overtime provisions. *See* 29 U.S.C. § 201 *et seq*.; (ECF No. 1). On April 30, 2019, the parties settled the case during a settlement conference before the undersigned. (ECF No. 46). On May 8, 2019, the instant Motion followed. (ECF No. 50).

Before this Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the

possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have submitted the Settlement Agreement and Mutual General Release (the "Settlement Agreement") for Court approval.  The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel.  Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amounts designated for attorney's fees and costs and for liquidated damages.  Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, the Court considered "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307

F. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**;

(2) The Court retains jurisdiction for 30 days from the date of this Order to enforce the Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on May 8, 2019.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
All Counsel of Record